NOSSAMAN LLP
DREW R. HANSEN (SBN 218382)
dhansen@nossaman.com
J. RANDALL BOYER (SBN 290003)
rboyer@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

Attorneys for Defendant
C.R. ENGLAND, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BODE, JASON ASHER, and MARTY COOK, on behalf of themselves and all others similarly situated,,<br><br>Plaintiff,<br><br>vs.<br><br>C.R. ENGLAND, INC.,<br><br>Defendant. | Case No: 3:20-cv-01620-JCS<br><br>Assigned to the Hon. Joseph C. Spero<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PURSUANT TO LOCAL RULE 3-13**<br><br>Date Action Filed: March 5, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

Pursuant to the requirements of Local Rule 3-13, Defendant C.R. England, Inc. ("Defendant" or "C.R. England") respectfully submits this Notice of Pendency of Other Action or Proceeding. Specifically, C.R. England hereby notifies the Court that the present action involves the same subject matter as two separate putative wage and hour class actions currently pending in the United States District Court for the District of Utah captioned *William H. Gradie, et al. v. C.R. England, Inc.*, Case No. 2:16-cv-00768-DN (the "*Gradie* Action"),[1] and *John Clarke v. C.R. England, Inc.*, Case No. 2:20-cv-00221-DN (the "*Clarke* Action").

In the *Gradie* Action, which was filed in early 2016 and has been pending in the District of Utah for several years, Plaintiffs, on behalf of themselves and "all truck drivers employed by C.R. England in California at any time during the period beginning on March 12, 2014 and continuing through the present" assert fourteen causes of action, including, but not limited to, claims for: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay minimum wages, regular wages, and/or overtime wages for all time worked; (4) failure to timely pay wages due at termination of employment; (5) failure to provide accurate itemized wage statements; (6) failure to maintain copies of accurate itemized wage statements; (7) failure to reimburse for business expenses; (8) unlawful deductions; (9) unfair competition; and (10) purported violations of California Labor Code § 2698 *et seq.* (i.e., the Private Attorneys General Act ("PAGA")).

Notably, a class-wide settlement has been reached in *Gradie* Action, which

---

[1] Plaintiffs' counsel has known about the existence of the *Gradie* Action since late 2019. Indeed, defense counsel spoke with one of Plaintiffs' attorneys, Nathan Piller, in late 2019 after receiving notification of Plaintiff Asher's notice filed with the California LWDA. Defendant's counsel advised Plaintiffs' counsel that a putative wage and hour class action (i.e., the *Gradie* Action) was already pending against C.R. England in the District of Utah, was in the process of being settled, and would wipe out all of the contemplated claims.

was preliminarily approved by the District of Utah on April 16, 2020. C.R. England maintains that the settlement in the *Gradie* Action wipes out the present case in its entirety.

In the *Clarke* Action, Plaintiff, on behalf of himself and "all current and former non-exempt employees of [C.R. England] in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time [the] action settles or proceeds to final judgment" asserts nine causes of action, including claims for: (1) failure to provide rest breaks; (2) failure to provide meal periods; (3) failure to pay minimum wages; (4) failure to pay all wages upon separation; (5) failure to maintain required records; (6) failure to furnish timely and accurate wage statements; (7) failure to indemnify drivers for necessary business expenditures; (8) unlawful deductions from wages; and (9) purported violations of California's Unfair Competition Act (i.e., Business & Professions Code §§ 17200 et seq.).

The *Clarke* Action was filed in the Superior Court for the County of Los Angeles in mid-2019, served on C.R. England in early 2020, and timely removed to the Central District of California on February 12, 2020. Importantly, Judge Percy Anderson of the Central District of California transferred the *Clarke* Action to the District of Utah pursuant to the first-to-file rule given that action's substantial overlap with the *Gradie* Action. Specifically, Judge Anderson transferred the *Clarke* Action to the District of Utah to avoid conflicting rulings with the *Gradie* Action and to conserve resources and promote efficient determination of the action.[2] Judge Anderson found that the "interests of judicial efficiency strongly favor

---

[2] The District of Utah must next decide in the *Clarke* Action whether Mr. Clarke's claims are subject to individual arbitration (which C.R. England maintains is the case) and/or whether the *Clarke* Action should be stayed pending the evaluation of the proposed class action settlement in the *Gradie* Action (which again was preliminary approved by the District of Utah on April 16, 2020).

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PURSUANT TO LOCAL RULE 3-13

transfer to the District of Utah, where a similar action [i.e., the *Gradie* Action] has been pending since 2016." A copy of Judge Anderson's March 31, 2020 ruling transferring the *Clarke* Action to the District of Utah pursuant to the first-to-file rule is attached hereto as Exhibit 1.

Defense counsel has been in contact with Plaintiffs' counsel and suggested that the present action should likewise be transferred to the District of Utah pursuant to the first-to-file rule. Indeed, as with the *Clarke* Action, the present action involves all (or a material part) of the subject matter of the *Gradie* Action because (1) all of the claims in the present action are asserted in the *Gradie* Action, (2) the putative class alleged is this case is entirely encompassed within the putative class alleged in the *Gradie* Action, and (3) Messrs. Bode, Cook, and Asher are putative class members of the proposed settlement reached in the *Gradie* Action.[3]

A copy of the operative complaint in the *Gradie* Action is attached hereto as Exhibit 2 for the Court's convenience. A copy of the operative complaint in the *Clarke* Action is attached hereto as Exhibit 3 for the Court's convenience.[4]

Although these identical or nearly identical putative wage and hour class actions are not appropriate for Multi District Litigation Procedures under 28 U.S.C. § 1407, Defendant asserts that transfer to the District of Utah under the first-to-file rule or the Court's inherent power would avoid conflicting rulings, conserve

---

[3] Messrs. Bode, Cook, and Asher's claims also substantially overlap with the claims alleged in the *Clarke* Action.

[4] In addition to the *Gradie* Action and the *Clarke* Action, the present action likewise overlaps with a putative wage and hour class action pending in the United States District Court for the Eastern District of California captioned *Ronniesa Tolefree v. C.R. England, Inc.*, Case No. 2:19-cv-00295-JAM-CKD. However, that action has been stayed for quite some time and is awaiting the outcome of what happens with respect to the settlement of the *Gradie* Action. If for any reason the stay is lifted in that action prior to final approval of the settlement in the *Gradie* Action, Defendant will seek a transfer of that action to the District of Utah under the first-to-file rule as well.

resources, avoid piecemeal litigation, and promote efficient determination of both this action and the *Gradie* and *Clarke* Actions. Such a transfer was exactly what Judge Anderson of the Central District of California did in the *Clarke* Action and the same outcome should be enforced here.[5]

Respectfully submitted,

Date: May 15, 2020

NOSSAMAN LLP
DREW R. HANSEN
J. RANDALL BOYER

By: /s/ J. Randall Boyer
J. Randall Boyer

Attorneys for Defendant
C.R. ENGLAND, INC.

---

[5] While C.R. England believes that this case should (at least initially) be transferred to the District of Utah for further proceedings due to the first-to-file rule, C.R. England maintains that the District of Utah will then need to address whether Plaintiffs' claims are subject to individual arbitration (which Defendant maintains is the case) and/or whether this matter should be stayed pending the evaluation of the proposed class action settlement reached in the *Gradie* Action.